IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00762-ZLW

ERIC ALAN WEBB,

Plaintiff,

v.

DON TANNER, (Sgt), Individual and Offical [sic] Capacity,
TONY CAROCHI, (Warden), Individual and Offical [sic] Capacity,
KENT JOHNSON, (Capt), Individual and Offical [sic] Capacity,
LT. LINGRICH, (L.T. [sic] Seg), Individual and Offical [sic] Capacity,
LT. PADILLA, (Shift Commander), Individual and Offical [sic] Capacity, and
DR. McGLAUGHLIN, (Medical Doc), Individual and Offical [sic] Capacity,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Eric Alan Webb, filed **pro se** on February 21, 2008, a motion titled "Motion for Relief From Judgement [sic] Rule 60 and Leave to Waive Additional Costs Being Withheld," in which he asks the Court to reopen this action. The Court must construe the motion liberally because Mr. Webb is proceeding **pro se**. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Webb's motion to reconsider in this action, which was filed more than ten days after the judgment was entered on August 25, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice on August 25, 2006, because Mr. Webb failed to exhaust the Colorado Department of Corrections' (DOC) three-step, administrative-grievance procedure. Mr. Webb seeks to reopen the instant action because he alleges that he now has exhausted the DOC's grievance procedure as to his claims.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Webb fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Mr. Webb's additional request in the motion to reconsider that the payments he made in this case be applied to any new case he may file also will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Relief From Judgement [sic] Rule 60 and Leave to Waive Additional Costs Being Withheld" that Plaintiff, Eric Alan Webb, filed *pro se* on February 21, 2008, and which the Court has construed liberally, is denied. It is

2

FURTHER ORDERED that Plaintiff's additional request in the motion to reconsider that the payments he made in this case be applied to any new case he may file also is denied.

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.

Eric A. Webb
Reg. No. 83582
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk